

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2002

# Laverdi v. Jenkins

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3826

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Laverdi v. Jenkins" (2002). *2002 Decisions.* Paper 587.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/587

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

                    UNITED STATES COURT OF APPEALS
                        FOR THE THIRD CIRCUIT
                          _____

                           NO. 01-3826
                          _____


                         JAMES LAVERDI,
                                 Appellant

                               v.

                       JENKINS TOWNSHIP;
                        RUSSELL ARNONE
                          _____


            On Appeal from the United States District Court
                for the Middle District of Pennsylvania
                    (D.C. Civil No. 98-cv-01548)
              District Judge: Honorable A. Richard Caputo
                          _____


             Submitted Under Third Circuit LAR 34.1(a)
                     on September 10, 2002

        Before:  SLOVITER, RENDELL and FUENTES, Circuit Judges

                 (Filed  September 19, 2002  )
                          _____


                       OPINION OF THE COURT
                          _____

RENDELL, Circuit Judge.

James Laverdi appeals from a final judgment order entered in the District Court on September 13, 2001, following a jury trial for claimed violations of his First and Fourth Amendment rights after he was ejected from a public meeting of the Jenkins Township Board of Supervisors in 1998.  Laverdi claims that the District Court erred by: (1) permitting defense counsel's suggestion that the payment of any verdict would be from taxpayers' dollars, and by failing to issue an instruction to the jury that such funds would not be the source of any award; (2) not directing a verdict in his favor with regard to his Fourth Amendment claim, and instead deciding the issue in favor of the defendants rather than leaving it to the jury; (3) refusing to issue his proposed First Amendment jury instruction regarding the nature of speech protected; and (4) excluding his proposed expert witness.  We find no error in the District Court's rulings, and will affirm.

The facts of this dispute are well known by the parties, and we will restate them only briefly.  The setting of the alleged violations was the July 6, 1998 public meeting of the Jenkins Township Board of Supervisors.  Laverdi attended the meeting and posed a series of inquiries to the Supervisors, focusing on the salary and work of one of the Supervisors, Russell Arnone, in his position as town roadmaster.  Apparently, Laverdi's questions were repetitive of those frequently posed by him in previous meetings.  Arnone, who as chair was responsible for running the board meetings, eventually found that Laverdi was "harassing" the board and disrupting the course of the meeting.  Accordingly, Arnone ruled that Laverdi was out of order, and directed him to take his seat.  Instead, Laverdi continued his increasingly antagonistic exchange with the board and began addressing the audience, causing a stir within the crowd.  Arnone then warned Laverdi that he would be ejected if he did not sit down, and ultimately a police officer escorted Laverdi out of the meeting.

Laverdi filed a complaint alleging that these activities amounted to violations of his First and Fourth Amendment rights. The core of the First Amendment issue was decided by a jury, who found against Laverdi, concluding that he had been removed from the meeting for reasons other than the content of his speech. The jury apparently credited the witnesses who testified regarding the disruptive effects of Laverdi's behavior and expressed concern for order and safety at the meeting. The District Court then concluded that there was no Fourth Amendment violation either, holding that even assuming a seizure had occurred, it was not unreasonable under the circumstances. The District Court exercised jurisdiction pursuant to 28 U.S.C.    1341, 1343, and we have jurisdiction under 28 U.S.C.    1291.

With respect to the first issue raised   the reference by defense counsel, during his closing, to the impact of a verdict on taxpayers   we conclude that although counsel's comment may have been inappropriate, any impropriety was harmless and does not require a new trial. Both Laverdi's counsel and the District Court informed the jury of their ability to award nominal damages, yet the jury decided conclusively against the plaintiff on the issue of liability. If the jury believed that Laverdi's First Amendment rights were violated but was concerned about using taxpayers' money to compensate him, they could have found a constitutional violation and awarded minimal, or nominal, damages. Instead, they simply found no constitutional violation. Any error was therefore harmless.

Laverdi makes two arguments with regard to his Fourth Amendment claim: first, that the District Court violated his Seventh Amendment right to a jury trial by deciding his Fourth Amendment claim from the bench; and second, that the District Court erred by deciding against Laverdi on the substance of his Fourth Amendment claim. Both arguments are without merit.

The District Court ruled on the Fourth Amendment claim only after the jury had already found against Laverdi with regard to the only relevant factual dispute   whether Laverdi was ejected because of the content of his speech, as he claimed, or because of his disruptive behavior. Laverdi fails to identify a single disputed "fact" that the court purportedly "found" in violation of his Seventh Amendment rights. Accordingly, we find no error in the District Court's process.

Nor did the District Court err with regard to the merits of Laverdi's Fourth Amendment claim. The court concluded that Laverdi's ejection from the meeting was based on probable cause, referencing a provision of Pennsylvania law that makes it a misdemeanor to intentionally disturb or interrupt a lawful meeting. See 18 Pa. C.S. 5508. We note initially that although the District Court assumed for the sake of argument that Laverdi had been seized, it does not appear that he was. Many interactions between citizens and police do not rise to the level of a seizure and thus do not implicate the Fourth Amendment at all. See, e.g., United States v. Drayton, 536 U. S. ___, 122 S.Ct. 2105 (2002). Laverdi testified that he was planning on leaving after he was ruled out of order and that he went freely, strongly suggesting that he consented to leave and thus that no seizure occurred. Moreover, although submission to a show of authority can constitute a seizure even absent physical restraint, California v. Hodari D., 499 U.S. 621, 626 (1991), here Laverdi's compliance with the officer's escort was insufficient to establish actual submission. United States v. Valentine, 232 F.3d 350, 359 (3d Cir. 2000) (stating that individual's momentary compliance with police officer did not constitute seizure).

Even if Laverdi was seized, and we do not believe that he was, having him escorted from the meeting was certainly reasonable under the totality of the circumstances. See, e.g., Kindt v. Santa Monica Rent Control Bd., 67 F.3d 266, 271-73 (9th Cir. 1995) (acknowledging propriety of ejecting disruptive individuals from public meetings); Collinson v. Gott, 895 F.2d 994, 1000-04 (4th Cir. 1990) (Phillips, J., concurring) (same); Zapuch v. Dismuke, 134 F. Supp. 2d 682, 692 (E.D. Pa. 2001) (noting that "government has a significant interest in the orderly and efficient conduct of its business" and citing relevant cases). This conclusion is especially compelling when considering that the supposed seizure of Laverdi was extremely brief and minimally intrusive. See, e.g., Tennessee v. Garner, 471 U.S. 1, 8-9 (1985) (stating that reasonableness inquiry necessarily includes the extent of the intrusion and that the relevant question is "whether the totality of the circumstances justifie[s] [the] particular sort of . . . seizure") (emphasis added). Although Laverdi was escorted from the meeting, he left freely and was never touched by the police officer   a far cry from a full-scale

arrest. Under these circumstances, the District Court did not err in holding that Laverdi's Fourth Amendment rights were not violated.

Laverdi also challenges the District Court's refusal to provide the jury with his suggested instruction on the First Amendmnent. Decisions regarding jury instructions are reviewed only for abuse of discretion. Tormenia v. First Investors Realty Co., 251 F.3d 128, 136 (3d Cir. 2000). Although Laverdi concedes that the given instruction was accurate and tailored to the facts of the case, he argues that the District Court's "watered-down" and "vanilla" instruction omitted crucial details about the scope of Laverdi's First Amendment rights. We cannot agree. The instruction given adequately conveyed the law regarding the relevant First Amendment question, and the District Court did not abuse its discretion in refusing to supplement that instruction with unnecessary details.

Finally, Laverdi challenges the District Court's exclusion of his proposed expert witness, Elaine Cook. We review decisions about the admissibility of expert testimony for abuse of discretion. General Elec., Co. v. Joiner, 522 U.S. 136, 143 (1997). The expert report offered by Laverdi consisted of a four page affidavit "discussing" Ms. Cook's views on how public meetings such as the one here should be run, and the reasonableness of Laverdi's ejection. It is noteworthy that the only bases for her supposed expert status are her position as Chairperson of the Board of Supervisors of Exeter Township and the fact  not really relied upon by Laverdi  that she is lawyer, neither of which are sufficient. Further, it appears that to the extent Ms. Cook's proffered testimony was admissible, it was based solely on her personal observations about what she has done or would do in similar situations. Indeed, and as the District Court noted, Ms. Cook did not reference a single rule or regulation as informing her views. As such, her supposed expert testimony was akin to that of a lay witness, and we agree with the District Court that such testimony would have been of little assistance to the jury. In sum, we find that the District Court did not abuse its discretion in excluding Laverdi's expert report and testimony.

Accordingly, we will AFFIRM the District Court's order.


/s/ Marjorie O. Rendell
Circuit Judge